IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JAMES H.,[1] | Case No. 3:21-cv-00577-MC |
|            Plaintiff, | **OPINION AND ORDER** |
|    v. | |
| KILOLO KIJAKAZI, Commissioner of Social Security, | |
|            Defendant. | |

**MCSHANE, U.S. District Judge.**

James H. ("Plaintiff") brings this appeal challenging the Commissioner of the Social Security Administration's ("Commissioner") denial of his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. The Court has jurisdiction to hear this appeal pursuant to 42 U.S.C. § 1383(c)(3),

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

which incorporates the review provisions of 42 U.S.C. § 405(g). For the reasons explained below, the Commissioner's decision is affirmed.

## STANDARD OF REVIEW

The district court may set aside a denial of benefits only if the Commissioner's findings are "'not supported by substantial evidence or [are] based on legal error.'" *Bray v. Comm'r Soc. Sec. Admin.,* 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "'more than a mere scintilla [of evidence] but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)).

The district court "cannot affirm the Commissioner's decision 'simply by isolating a specific quantum of supporting evidence.'" *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting *Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record, weighing the evidence that both supports and detracts from the Commissioner's conclusions. *Id.* Where the record as a whole can support either a grant or a denial of Social Security benefits, the district court "'may not substitute [its] judgment for the [Commissioner's].'" *Bray,* 554 F.3d at 1222 (quoting *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007)).

## BACKGROUND

### I. PLAINTIFF'S APPLICATION

Plaintiff filed his applications for SSI and DIB on May 2, 2016, alleging disability as of November 29, 2013, due to gout, history of lumbar laminectomy at L3-4 in 1990, depressive disorder, bipolar disorder, and ischemic cardiomyopathy status post non-ST-elevation myocardial infarction with multiple stent placement. (Tr. 319-20, 329-30.) Plaintiff's claims were denied

PAGE 2 – OPINION AND ORDER

initially and upon reconsideration, and he requested a hearing before an Administrative Law Judge (ALJ). (Tr. 181, 189, 192, 213, 195-96.) After an administrative hearing held on June 21, 2018, ALJ Cynthia D. Rosa issued a written opinion denying Plaintiff's claims. (Tr. 67, 69. 148.) On November 8, 2018, Plaintiff requested review of the ALJ's decision. (Tr. 250-52.)

The Appeals Council granted Plaintiff's request for review and remanded the case to an ALJ with specific instructions to evaluate additional evidence regarding Plaintiff's gout. (Tr. 171-74.) A second administrative hearing was held on August 17, 2020, after which the ALJ issued a partially favorable decision finding Plaintiff disabled as of February 23, 2019. (Tr. 12, 17, 39, 41.) The Appeals Council denied Plaintiff's request for review on February 11, 2021, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-4.) This appeal followed.

## II.     THE SEQUENTIAL ANALYSIS

A claimant is considered disabled if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are: (1) whether the claimant is currently engaged in any substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant is capable of performing other work that exists in significant numbers in the national economy. *Id.* at 724-25. The claimant bears the burden of proof for the first four steps. *Bustamante v. Massanari,* 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the burden at any of those steps, the claimant is not disabled. *Id.*; *Bowen v. Yuckert,* 482 U.S. 137, 140-41 (1987).

PAGE 3 – OPINION AND ORDER

The Commissioner bears the burden of proof at step five of the sequential analysis, where the Commissioner must show the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett*, 180 F.3d at 1100. If the Commissioner fails to meet this burden, the claimant is disabled. *Bustamante,* 262 F.3d at 954 (citations omitted).

## III.    THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process to determine whether Plaintiff was disabled. (Tr. 18-31.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 18.) At step two, the ALJ determined that since the alleged onset date of disability, November 23, 2013, Plaintiff suffered from the severe impairments of gout, history of lumbar laminectomy at L3-4 in 1990, depressive disorder, and bipolar disorder. (Tr. 19.) The ALJ also determined that since the established onset date of disability, February 23, 2019, Plaintiff had the added severe impairment of ischemic cardiomyopathy status post non-ST-elevation myocardial infarction with multiple stent placement. (*Id.*)

At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or equals a Listing. (Tr. 20.)

The ALJ then determined Plaintiff's residual functional capacity ("RFC"), finding that prior to February 23, 2019, Plaintiff retained the ability to perform medium work with the limitations that he can occasionally climb ropes, ladders, or scaffolds; that he could do simple, routine, repetitive tasks with a reasoning level of 1-2; that he could have occasional, superficial contact with coworkers and the public; and that he should avoid hazards. (Tr. 21.)

The ALJ also found that beginning on February 23, 2019, Plaintiff retained the residual functional capacity to perform light work with the following limitations: he can occasionally climb

PAGE 4 – OPINION AND ORDER

ropes, ladders, or scaffolds; he can do simple, routine, repetitive tasks with a reasoning level of 1-2; he can have occasional, superficial contact with coworkers and the public; and he should avoid hazards. (Tr. 29.)

At step four, the ALJ found that Plaintiff was unable to perform any of his past relevant work as a bakery helper or bakery supervisor. (Tr. 29.) At step five, the ALJ determined that prior to February 23, 2019, Plaintiff could perform jobs existing in significant numbers in the national economy, including janitor, machine packager, and courtesy clerk. (Tr. 30.) The ALJ also found that, beginning on February 23, 2019, Plaintiff could not perform any jobs existing in significant numbers in the national economy. (Tr. 31.) The ALJ therefore concluded that Plaintiff was not disabled prior to February 23, 2019. (*Id.*) The ALJ also noted that Plaintiff's substance use disorder was not a contributing factor material to the determination of disability.

## **DISCUSSION**

Plaintiff argues the ALJ improperly evaluated the medical opinions of the State Agency reviewing physicians, Susan South, Psy.D., Irmgard Friedburg, Ph.D., Thomas Davenport, M.D., and Neal Berner, M.D. An ALJ's decision to discredit any medical opinion must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). "An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). Merely stating conclusions is insufficient: "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*. "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a

PAGE 5 – OPINION AND ORDER

substantive basis for his conclusion." *Id.* at 1012-13 (citing *Nguyen v. Chater,* 100 F.3d 1462, 1464 (9th Cir. 1996)).

### A. Susan South, Psy.D., and Irmgard Friedburg, Ph.D.

State agency psychological consultant Susan South, Psy.D., reviewed the medical record and concluded that Plaintiff was "not significantly limited" or "moderately limited" in all areas of cognitive functioning. (Tr. 95.) Dr. South opined that Plaintiff could perform "simple, routine tasks of 1-2 steps" and that he could "occasionally perform more complex/detailed tasks but not consistently." (*Id.*) State agency consultant Irmgard Friedburg, Ph.D., reviewed the medical record following the Appeals Council's remand and concurred with Dr. South's opinion. (Tr. 127-28.)

The ALJ reviewed the opinions of Dr. Friedburg and Dr. South and found them persuasive. (Tr. 27.) The ALJ incorporated these opinions into the RFC by limiting Plaintiff to "simple, routine, repetitive tasks with reasoning level of 1-2." (Tr. 21.) Plaintiff argues that the ALJ erroneously rejected these opinions by failing to include a limitation to 1-2 step tasks into the RFC. Dr. South opined, however, that Plaintiff was occasionally capable of "perform[ing] more complex/detailed tasks" than 1-2 step tasks. (Tr. 95.) Dr. Friedburg concurred with this opinion. (Tr. 127-28.) On this record, it was reasonable for the ALJ to interpret the State agency consultants' opinions by including a limitation to "simple, routine, repetitive tasks with reasoning level of 1-2" in Plaintiff's RFC. (Tr. 21.) Because the ALJ reasonably translated Dr. Friedburg and Dr. South's opinions into functional limitations in the RFC, she was not required to provide legally sufficient reasons to reject these opinions.

### B. Thomas Davenport, M.D., and Neal Berner, M.D.

State agency medical consultant Thomas Davenport, M.D., reviewed Plaintiff's medical records and opined that Plaintiff could perform a reduced range of light work. (Tr. 93-95.) On

remand, Neal Berner, M.D., reviewed the entire record and concurred with Dr. Davenport's opinion. (Tr. 124-26.) The ALJ rejected these opinions as inconsistent with the medical record. (Tr. 27.)

The ALJ may discount a medical opinion when it is inconsistent with the overall medical record. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008), and may find a physician's opinion unpersuasive if they properly analyze the opinion's supportability and consistency. 20 C.F.R. §416.920c(b)(2); 404.1520c(b)(2). Here, the ALJ found that Dr. Davenport and Dr. Berner's opinions were inconsistent with the evidence of record, including physical examinations showing only joint pain and occasional joint swelling, with no other consistent musculoskeletal abnormalities. (Tr. 27.) The ALJ also noted that Plaintiff's physical examination reports showed Plaintiff had good range of motion in his arms and legs, normal gait, intact muscle strength, normal coordination, normal motor function, and no signs of edema or tenderness. (Tr. 496, 516, 849, 855, 889, 948.) This evidence reasonably contradicted the State agency physicians' opinion that Plaintiff was limited to lifting and carrying no more than 10 pounds frequently and 20 pounds occasionally.

Plaintiff argues that the opinions of Dr. Davenport and Dr. Berner were supported by objective medical evidence in the record, including x-rays of Plaintiff's hands, wrists, fingers, feet, and ankles, which document erosions and degenerative changes. (Tr. 642-43, 851, 2718-19, 2722-23.) Plaintiff, however, fails to show how this evidence is inconsistent with the ALJ's limitation of Plaintiff to medium work with only occasionally climbing of ropes, ladders, or scaffolds. (Tr. 21.) While the record may be susceptible to multiple interpretations, the ALJ reasonably assessed the medical evidence and concluded that Dr. Davenport's and Dr. Berner's opinions were unpersuasive. On this record, the ALJ's decision must be affirmed.

PAGE 7 – OPINION AND ORDER

## CONCLUSION

For the reasons stated, the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

DATED this 9th day of August, 2022.

                                               s/Michael J. McShane
                                               MICHAEL MCSHANE
                                               United States District Judge